# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

THIRD DISTRICT—MAY TERM, 1894.

## James T. Snell v. Fred Ball, Master in Chancery.

1. SET-OFF—*Not as Against Moneys Held in Trust.*—When moneys held in trust are loaned to a person having knowledge of such holding, the borrower can not set off nor have credit for a claim against the individual who, as trustee, had custody of the fund.

2. TRUST FUNDS—*What to be Regarded as Such.*—A master in chancery let a president of a bank have, out of moneys held in trust by him, for use, without interest, a sum of money to be paid on demand, and took his check on the bank for the same, which was not presented. Three years afterward he died, and this check being found among his effects, was turned over to his successor as so much money. The bank upon presentation paid a portion of the check but refused the balance, and suit was brought against the drawer upon it. It appeared that the deceased master deposited a portion of his funds in the bank, and let the president have the use of other portions, which the check represented. The deceased having overdrawn his funds in the bank to make the amount good, gave a check on another bank, which was received as money, and the overdrafts paid, the check not being paid. The president of the bank, by an arrangement with the bank, took it up, and upon the trial, sought to have it set off against the check sued on. *Held,* that as between the president and the deceased master, the transaction was a return of the amount of the check to the trust fund, and as the plaintiff stood in the shoes of the deceased master, the amount of the check should have been allowed as a credit.

**Memorandum.**—Assumpsit. In the Circuit Court of De Witt County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Declaration on bank check and common counts; pleas, general issue and set-off; trial by the

(503)

court without a jury; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed November 20, 1894.

APPELLANT'S BRIEF, R. A. LEMON, ATTORNEY.

A note, check, or bill of exchange, made payable to a person as administrator, guardian, master in chancery, or the like, is an obligation in favor of the person, and the additional words used are merely *descriptio personæ*. Laycock v. Olson, 60 Ill. 30; Baker v. Ormsby, Guardian, 4 Scam. 325.

The transaction represented by the check sued on is a personal, individual transaction, between the parties. 2 Starr & Curtis' Stat., pp. 1599–1600, par 11–12; 3 Starr & Curtis' Stat., p. 860; Peers v. Board of Education, 72 Ill. 508; Wisdom et al. v. Becker, Admx., 52 Ill. 342.

Pleas of set-off, and the evidence in support thereof, in this case presented a good defense to the extent of the $800 check. Rothschild v. Bruscke et al., 131 Ill. 265; Doran et al. v. Hodson, Assignee, 43 Ill. App. 411; Engs et al. v. Matson, 11 Ill. App. 639; Ronehel et al. v. Lofquist, 46 Ill. App. 442.

In the evidence in this case the money represented by the $800 check was a payment made by the defendant on the indebtedness represented by the check sued on. Bayley v. Wynkoop, 5 Gilm. 449; Snell et al. v. Cottingham et al., 72 Ill. 124.

The assignment by the administrators of Gambrel was without any consideration, and appellee took the check as a mere volunteer. Harpham v. Hayes, 30 Ill. 404.

APPELLEE'S BRIEF, MOORE & WARNER, ATTORNEYS.

The $2,230 obtained by the appellant from Mr. Gambrel, for which the check described in the declaration was given, and to recover which this suit was brought, being part of the official or trust fund held by him as master, and the appellant knowing that fact at the time he obtained it, it can now be recovered from the appellant by the present master,

the appellee, or any one entitled to it as *cestui que trust*, on the common counts alone. Darst v. Gale, 83 Ill. 136; Breit et al. v. Yeaton et al., 101 Ill. 268; Goldstein v. Goldstein, 11 Ill. App. 530; Hubbard v. U. S. Mortgage Co. et al., 14 Ill. App. 47; 2 Pomeroy's Equity Jurisprudence, Sec. 1048, page 1555.

If the check on which this suit was brought was the individual property of William P. Gambrel, his administrators could legally assign and transfer it without the order or authority of the County Court, and if it was not his individual property, their assignment of it to the appellee, his successor in office, does not prejudice the appellee's case. Randolph on Commercial Paper, Sec. 441, page 609, Vol. 1; Makepeace v. Moore, 10 Ill. (5 Gil.) 474; Walker v. Craig, 18 Ill. 125.

The $800 check for which the appellant asks to be allowed as a set-off, is on the State Bank of Clinton, is made by " W. P. Gambrel " personally, is payable to " W. P. Gambrel, Master, *or bearer*," is not assigned by the payee, and is therefore still, in law, the property of the " master " and the appellant has no legal interest in it, as under the law of this State such a check can only be transferred by assignment, the words "*or bearer*," meaning, if anything, *or order*. Randolph on Commercial Paper, Sec. 160, page 245, Vol. 1; Garvin v. Wiswell, 83 Ill. 215; Wilder v. DeWolf, 24 Ill. 190; Roosa v. Crist, 17 Ill. 450.

The $800 check being, in law, made payable to " W. P. Gambrel, or order," and not being assigned by him, can not be received in evidence in support of a plea of set-off by the appellant. Ayers v. McConnell, Admr., 15 Ill. 230; Ransom v. Jones, 2 Ill. (1 Scam.) 291; R. R. Co. v. Neill, 16 Ill. 269; Coates v. Preston et al., 105 Ill. 470.

The $800 check being drawn by W. P. Gambrel individually, can not be received in evidence in support of the appellant's plea of set-off, whether it be held appellee is suing as assignee of the administrators of the estate of William P. Gambrel, or his successor in office. Wisdom et al. v. Becker, Admx., 58 Ill. 342; Ransom v. Jones, 2 Ill. 291;

R. R. Co. v. Neill, 16 Ill. 269; Coates v. Preston et al., 105 Ill. 470; The International Bank v. Jones et al., 119 Ill. 407; Scammon v. Kimball, 92 U. S. 362.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

On the 2d day of February, 1889, one W. P. Gambrel, then master in chancery of· De Witt county, out of moneys held in his official capacity, let the appellant have, for use, without interest, the sum of $2,230, to be repaid upon demand.

The appellant, who was president of the De Witt County National Bank, delivered to Gambrel his check on that bank for said sum of $2,230, payable to Grambrel, as master, upon demand.

This check was not presented for payment by Gambrel. He died on the 5th day of August, 1892, and it was found among his papers. A deficiency appeared in his account as master. His administrator and administratrix regarded this check as belonging to the official fund, and for that reason assigned and delivered it to the appellee, who was appointed his successor in the said office of master in chancery. The appellee received it in his official capacity as funds coming from his predecessor.

The bank, by the direction of the appellant, its president, paid the appellee $1,294.15 upon the check, but refused to further honor it.

Thereupon the appellee, as master, brought assumpsit against the appellant as drawer of the check and recovered a judgment in the sum of $935.85, from which the present appeal was perfected.

It appeared in the evidence that Gambrel deposited in the De Witt County National Bank a portion of the moneys held by him in his official capacity, and let the appellant, who was the president of the bank, have the custody and use of other moneys belonging to the same fund, without interest, to be repaid upon demand. The check in suit was executed and delivered as evidence of this transaction with the appellant. It was payable on demand, but it was not intended by the

Snell v. Ball.

parties that it should be presented for payment as an ordinary check upon a bank.

Gambrel met the demands of parties entitled to payments from the fund in his hands as master, by drafts or check upon the bank, until the total sum of such drafts paid by the bank exceeded in the sum of $800 the amount deposited by him in the bank. He was notified to make good these overdrafts. The appellant then had in his hands of the moneys belonging to Gambrel, as master, the sum mentioned in the check in suit. It was arranged between them that Gambrel should draw a check upon another bank payable to himself in the sum of $800, and that the appellant should procure the bank, of which he was president, to accept such check as cash, and credit Gambrel's account as master, therewith.

This was done, and the overdrafts of Gambrel thus paid and discharged. The bank carried the check as cash until, by an arrangement between the bank and the appellant, it was delivered to him. He presented it upon the trial of this cause and sought to have it set off as against or applied as a credit upon the check in suit, but this was denied him.

Whether he was entitled to such set-off or credit is the sole question presented by this record.

The check in suit was more than three years past due when it came to the hands of the appellee.

He paid nothing for it but received it as belonging to an official fund committed by law to the custody of his predecessor in office.

He was in no sense a *bona fide* holder of the instrument. It was open in his hands to any defense that would have been available as against Gambrel. It appeared without dispute that the appellant, by means of the check for which he sought credit, discharged an indebtedness of Gambrel to the bank in the amount thereof.

It was not intended that liability should be created against Gambrel because of this check, and the appellant so controlled it that no liability did arise.

Neither the check sued upon nor the one offered in set-

off were intended to serve as commercial instruments, nor do either of them represent the real transaction between the parties.

The facts are that the appellant received from the late master $2,330, as an accommodation loan, and that he paid for the master the sum of $800 to the bank. As between them this payment to the bank was a payment to the master, as it was made to the bank at the latter's request, and in discharge of an indebtedness due in his official capacity.

So the case would have stood between the appellant and Gambrel, and the appellee but stands in the shoes of Gambrel.

It is true that the moneys loaned the appellant were held in trust; he could not, therefore, set off nor have credit for a claim against the individual who, as trustee, had custody of the fund.

Nor does he seek so to do. His contention was that he had returned the sum of $800 to the trust fund.

We think the undisputed facts of the case supported his contention.

For this reason the judgment must be and is reversed and the cause remanded.